UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.:

REINIER FUENTES,

    Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD., INC.,
a Foreign Profit Corporation,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, REINIER FUENTES, by and through the undersigned attorney, hereby files this Complaint for Damages and Demand for Jury Trial and sues Defendant, CLASSICA CRUISE OPERATOR LTD., INC. ("CLASSICA CRUISE OPERATOR"), and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and § 1333. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Broward County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendants. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all material times hereto, REINIER FUENTES was a resident of Miami-Dade County, Florida.

4. Defendant, CLASSICA CRUISE OPERATOR, is incorporated in the Bahamas, has a principal place of business in New York, and is authorized to do and does business in Florida.

5. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county;

   b. Was engaged in substantial activity within this state; and/or

   c. Operated vessels in the waters of this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193; and/or

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

6. Defendant was engaged in the business of providing to the public, and to REINIER FUENTES in particular, vacation cruises aboard its vessels for compensation.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

8. At all times material hereto, Defendant owned, operated, maintained, managed, and/or controlled the cruise ship *Grand Classica*.

9. Defendant is vicariously liable for the acts and/or omissions of its employees, agents, and independent contractors through the doctrine of *respondeat superior*.

10. On or about May 13, 2018, REINIER FUENTES was a fare-paying passenger aboard the *Grand Classica*.

11. On or about May 13, 2018, REINIER FUENTES was standing in line with his pregnant wife and other passengers waiting to disembark the vessel. While REINIER FUENTES was standing in line, a male passenger, believed to be Clynt S. Hadley, and other male passengers became

unruly and disruptive. Upon information and belief, these passengers were intoxicated and/or under the influence of alcohol and/or drugs.

12. The behavior of Clynt S. Hadley and his companions went on for several minutes and began to escalate. Despite this disruptive, unruly, and aggressive behavior that clearly presented a danger to other passengers, Defendants' employees and security personnel did not intervene or attempt to diffuse the situation. Instead, Defendants' employees and security personnel allowed the unruly and disruptive behavior to continue and to escalate.

13. While he was waiting in line to disembark, REINIER FUENTES was confronted by Clynt S. Hadley and/or the other passengers. Clynt S. Hadley called REINIER FUENTES a racial slur and then punched REINIER FUENTES in the face without provocation. Two of Clynt S. Hadley's companions thereafter tackled REINIER FUENTES to the ground.

14. As a result of this incident and Defendant's failure to have reasonable security measures in place, REINIER FUENTES sustained serious injuries, including, but not limited to, a fractured elbow.

## COUNT I
## NEGLIGENCE

Plaintiff hereby adopts and incorporates paragraphs 1 through 14 as if fully set-forth herein, and alleges as follows:

15. At all times material hereto, CLASSICA CRUISE OPERATOR had a duty to use reasonable care under the circumstances, and to maintain and operate its vessel in a reasonably safe condition and manner. CLASSICA CRUISE OPERATOR also owed a duty to warn of all dangers of which it knew or should have known.

16. Additionally, at all times material hereto, CLASSICA CRUISE OPERATOR owed a duty to provide reasonable security measures for the safety of all passengers onboard, including REINIER FUENTES.

17. Moreover, CLASSICA CRUISE OPERATOR had the duty to deter and prevent reasonably foreseeable violent/criminal acts from occurring on the vessel through the use of reasonable security measures.

18. CLASSICA CRUISE OPERATOR breached the aforementioned duties of care owed to REINIER FUENTES in the following ways:

   a. Failing to reasonably and properly train security personnel to handle unruly, disruptive, and/or intoxicated passengers;

   b. Failing to reasonably and properly train security personnel to identify and handle security threats;

   c. Failing to have adequate security measures in place on the subject cruise;

   d. Failing to have adequate security to prevent physical assaults of passengers;

   e. Marketing the subject vessel as a safe environment with dedicated security personnel but failing to provide same;

   f. Failing to warn Plaintiff of the danger of being physically assaulted while onboard the vessel;

   g. Failing to have sufficient surveillance cameras on board the ship;

   h. Failing to provide an adequate security presence on the vessel in order to deter criminal activity;

   i. Failing to adopt and implement reasonable security measures to prevent physical assaults;

   j. Failing to properly respond to and prevent the incident in question;

   k. Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from physically assaulting other passengers onboard the vessel;

   l. Failing to use reasonable care under the circumstances; and

      m. Other acts of negligence to be discovered throughout discovery.

19. As a direct and proximate result of the aforementioned negligence of CLASSICA CRUISE OPERATOR, REINIER FUENTES was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of his injuries. These losses and injuries are permanent and continuing in nature, and REINIER FUENTES will continue to suffer them in the future.

**WHEREFORE**, Plaintiff, REINIER FUENTES, hereby demands judgment for damages against Defendant, CLASSICA CRUISE OPERATOR LTD., INC., in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post judgment interest, and the costs of bringing this action, and further demands trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 3, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and served the Registered Agent for CLASSICA CRUISE OPERATOR LTD., INC. in Plantation, Florida.

        **FLANAGAN PERSONAL INJURY &**
        **WRONGFUL DEATH LAW FIRM, P.A.**
        *Counsel for Plaintiff*
        2 Alhambra Plaza, Suite 620
        Coral Gables, Florida 33134
        Tel: (305) 638 – 4143
        Fax: (305) 397 - 2636

By:    */s/ Lauren DeFabio Flanagan*
        Michael T. Flanagan, Esq.
        Fla. Bar No.: 0091072
        Primary E-mail: mtf@Florida-Justice.com
        Sec. E-mail: mtfassistant@Florida-Justice.com
        Lauren DeFabio Flanagan, Esq.
        Fla. Bar No.: 84121
        E-mail: ldf@Florida-Justice.com