UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. 0:19-cv-60883-WJZ

REINIER FUENTES,

    Plaintiff,
vs.

CLASSICA CRUISE OPERATOR LTD., INC.,
a Foreign Profit Corporation

    Defendant.
_____/

**DEFENDANT CLASSICA CRUISE LINE OPERATOR LTD., INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CLASSICA CRUISE OPERATOR, LTD., INC. ("Defendant"), by and through the undersigned attorneys, files its answer to Plaintiff's Complaint [D.E. 1] and asserts its affirmative defenses as follows:

**GENERAL ALLEGATIONS**

1. Defendant is without knowledge as to the truth of the allegations contained within ¶1, therefore denies same and demands strict proof thereof.

2. For purposes of this litigation only, Defendant admits: that venue is proper under 28 U.S.C. §1333; that the Cruise Ticket Contract requires suit to be brought in the Southern District of Florida; and that to the extent Plaintiff has a cause of action, which Defendant denies, it arises under and is governed by the General Maritime Law of the United States. Defendant is without knowledge and denies the remaining allegations in ¶2.

3. Defendant is without knowledge as to the truth of the allegations contained within ¶3, therefore denied.

4. For purposes of this litigation only, Defendant admits it is a foreign profit corporation, incorporated in the Commonwealth of the Bahamas, authorized

and transacting business in Florida, with its principal address listed as in New York.

5.     For purposes of this litigation only, Defendant admits: that venue and jurisdiction is proper; that the Cruise Ticket Contract requires suit to be brought in the Southern District of Florida; and that to the extent Plaintiff has a cause of action, which Defendant denies, it arises under and is governed by the General Maritime Law of the United States. Defendant denies the remaining allegations in ¶5, including all subparagraphs (a) through (e).

6.     For purposes of this litigation, Defendant admits only that it operated the *Grand Classica* on the date of the alleged incident as a cruise ship for fare paying passengers. Defendant denies the remaining allegations in ¶6.

7.     Denied.

8.     For purposes of this litigation, Defendant admits only that it operated, managed, maintained and/or controlled the *Grand Classica* on the date of plaintiff's alleged incident. Defendant denies the remaining allegations in ¶8.

9.     Denied.

10.    Admitted only that Plaintiff was a passenger on the *Grand Classica*. Defendant is without knowledge as to the truth of the allegations contained within ¶ 10 except admits that Plaintiff was a passenger on the *Grand Classica* having purchased a ticket for passage.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

## COUNT I
## NEGLIGENCE

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Defendant re-adopts, reasserts and incorporates its answers to paragraphs 1 through 14, as though set forth fully herein.

15. Denied.

16. Denied.

17. Denied.

18. Denied, including all subparagraphs (a) through (m).

19. Denied.

Wherefore clause—Denied.

## DEMAND FOR JURY TRIAL

Defendant denies that Plaintiff is entitled to a jury trial. Plaintiff admits this Court has subject matter jurisdiction under its admiralty jurisdiction. See [DE 1], ¶2. The general rule is that a jury trial is not available when admiralty jurisdiction is pled. *See* Fed.R.Civ.P. 38(e) ("these rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)"); *Penton v. Pompano Constr. Co.*, 976 F.2d 636 n.2 (11th Cir. 1992) ("as a general rule, maritime claims brought in admiralty are not triable to a jury"), *overruled on other grounds by Alderman v. Pac. Northern Victor, Inc.*, 95 F.3d 1061 (11th Cir. 1996); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[i]n limitation proceedings, as in all admiralty cases, there is no right to a jury trial") (internal citations omitted); 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2315 (2008) ("[i]t has been recognized from early times that there is no right to jury trial on the admiralty side of federal court"); Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 19-9 (2001) ("[s]ince the early years of the republic, the general rule applies that there is no right to trial by jury of a civil admiralty claim").

Therefore, Plaintiff is not entitled to a trial by jury and his demand should be stricken from Plaintiff's Complaint as it is immaterial and impertinent.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CASE NO. 0:19-cv-60883-WJZ

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, Defendant CLASSICA CRUISE OPERATOR, LTD., INC. states as follows:

### FIRST AFFIRMATIVE DEFENSE

As its First Affirmative Defense, Defendant alleges Plaintiff's Complaint fails to state a cause of action for which relief may be granted, and accordingly it should be dismissed with prejudice.

### SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense, Defendant alleges that Plaintiff's damages were caused either in whole or in part by his own negligent acts or omissions, and that such negligent acts and/or omissions, including but not limited to the failure to exercise reasonable care for his own safety, were the sole and proximate cause of any and all injuries or damages as alleged in the Complaint, and as such, the Plaintiff's right to recovery is either barred or, without admitting liability, an award, if any, shall be reduced pursuant to the doctrine of Comparative Negligence.

### THIRD AFFIRMATIVE DEFENSE

As its Third Affirmative Defense, Defendant alleges without admitting liability that Plaintiff's damages were caused either in whole or in part by the acts and/or omissions of third persons, including Clynt S. Hadley and/or other passengers, for whom Defendant is not responsible and that amounts to a superseding cause that cuts off any causal connection between Defendant's alleged negligence, if any, and Plaintiff's injuries.

### FOURTH AFFIRMATIVE DEFENSE

As its Fourth Affirmative Defense, Defendant alleges that no dangerous condition existed that caused or contributed to Plaintiff's alleged incident. Alternatively, if the dangerous condition described in Plaintiff's Complaint did exist, Defendant alleges the Plaintiff failed to observe an open and obvious

condition; and it was the negligence of the Plaintiff in failing to use his own senses, which gave rise to the alleged accident and any alleged injury arising there from, and therefore Plaintiff cannot recover for the alleged accident.

### FIFTH AFFIRMATIVE DEFENSE

As its Fifth Affirmative Defense, Defendant alleges there is no cause of action as Defendant had no actual or constructive notice of any dangerous condition(s). Moreover, as Defendant had no actual or constructive notice of any dangerous condition, Defendant had no duty to warn.

### SIXTH AFFIRMATIVE DEFENSE

As its Sixth Affirmative Defense, Defendant alleges without admitting liability, upon information and belief that the injuries alleged by the Plaintiff in the Complaint were pre-existing. Therefore, Defendant cannot be held liable for such injuries and/or medical conditions, as they would have been inevitably worsened. Alternatively, if Plaintiff was injured as alleged, such injuries extend only to an aggravation of the pre-existing conditions.

### SEVENTH AFFIRMATIVE DEFENSE

As its Seventh Affirmative Defense, Defendant alleges without admitting liability, that it is entitled to a set-off for any and all monies paid on behalf of Plaintiff towards his treatment and/or medical care as well as any monies received from collateral sources for the damages alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

As its Eighth Affirmative Defense, Defendant alleges and invokes the terms and conditions of the cruise ticket upon which Plaintiff alleges he boarded the vessel and asserts that Plaintiff's action is subject to the limitations, terms and conditions

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

contained therein. Defendant adopts and incorporates the entirety of the cruise ticket contract in this Answer by reference.

### NINTH AFFIRMATIVE DEFENSE

As its Ninth Affirmative Defense, Defendant alleges that the alleged tort occurred in and on international navigable waters and as such, the general maritime law of the United States applies, to the exclusion of any state law of the United States.

### TENTH AFFIRMATIVE DEFENSE

As its Tenth Affirmative Defense, Defendant alleges, without admitting liability, that upon information and belief, Plaintiff failed to mitigate his damages, and therefore, any damages awarded should be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

As its Eleventh Affirmative defense, Defendant alleges that upon information and belief Plaintiff failed to seek timely and/or appropriate medical treatment for the injuries alleged in the Complaint, which failure exacerbated any injury and any damages award must be reduced accordingly

### TWELFTH AFFIRMATIVE DEFENSE

As its Twelfth Affirmative Defense, Defendant alleges, without admitting liability, that the liability of non-party tortfeasors, including Clynt. S. Hadley and/or other passengers, should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

As its Thirteenth Affirmative Defense, Defendant alleges that there is no cause of action, as Defendant did not create any dangerous or defective condition, and/or did not maintain an area or instrumentality in which such a condition

6

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

existed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As its Fourteenth Affirmative Defense, Defendant alleges, without admitting liability, that Plaintiff's alleged damages were caused, either in whole or in part, by the intentional act(s) and/or omission(s) of third persons for whom it is not responsible, including Clynt. S. Hadley and/or other passengers, which was not reasonably foreseeable and who were not under its care, custody, control or supervision, and that amounts to a superseding cause that cuts off any causal connection between Defendant's alleged negligence, if any, and Plaintiff's alleged injuries.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As its Fifteenth Affirmative Defense, Defendant states that Plaintiff assumed the risk of engaging in an altercation on the date of the incident.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As its Sixteenth Affirmative Defense, Defendant asserts that at the time and place alleged in the Complaint, Plaintiff knew, or in the exercise of reasonable care should have known, of the potential harmful conduct alleged in the Complaint, and that Plaintiff voluntarily chose to remain exposed to the potential harmful conduct which the Plaintiff now complains and, therefore, Plaintiff should be barred from recovery against Defendant as he assumed the risk.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As its Seventeenth Affirmative Defense, Defendant asserts that it had no constructive or actual knowledge or notice of the alleged conduct or, alternatively, that such conduct was open and obvious to Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As its Eighteenth Defense, Defendant asserts that it has no duty to prevent an intentional assault.

7

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## NINETEENTH AFFIRMATIVE DEFENSE

As its Nineteenth Affirmative Defense, Defendant asserts that the assault was not reasonably foreseeable.

Defendant, CLASSICA CRUISE OPERATOR, LTD., INC. reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

WHEREFORE, Defendant, CLASSICA CRUISE OPERATOR, LTD., INC., demands this Honorable Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief this Court deems just and proper.

*[Signature and Certificate of Service to Follow]*

Respectfully Submitted

/s/ Annalisa Gutierrez
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William F. Clair
Florida Bar No. 693741
wclair@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131-2332
Telephone:   305-379-3686
Facsimile:    305-379-3690
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that

8

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Annalisa Gutierrez
Annalisa Gutierrez

## SERVICE LIST

FLANAGAN PERSONAL INJURY &
WRONGFUL DEATH LAW FIRM, P.A.
Michael T. Flanagan, Esq.
Florida Bar No. 0091072
mtf@Florida-Justice.com
mtsassistant@Florida-Justice.com
Lauren DeFabio Flanagan, Esq.
Florida Bar No. 84121
ldf@Florida-Justice.com
2 Alhambra Plaza, Suite 620
Coral Gables, Florida 33134
Telephone: (305) 638-4143
Fax: (305) 397-2636
***Attorney for Plaintiff***

Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William F. Clair
Florida Bar No. 693741
wclair@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131-2332
Telephone: 305-379-3686
Facsimile: 305-379-3690
***Attorneys for Defendant***

9

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690