UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60883-WILLIAMS/VALLE

REINIER FUENTES,

    Plaintiff,
vs.

CLASSICA CRUISE OPERATOR, LTD., INC..

    Defendant.
_____/

**PLAINTIFF'S EXPEDITED MOTION TO COMPEL RULE 34 INSPECTION ATTENDEES AND MOTION FOR PROTECTIVE ORDER**

COMES NOW, the Plaintiff, REINIER FUENTES, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 34 and 37, the applicable Local Rules of the Southern District of Florida, and hereby moves this Court for an Expedited Order Compelling Rule 34 Inspection Attendees and for a Protective Order, and in support states as follows:

1. This Motion is being Filed as an Expedited Motion pursuant to S.D. Fla. L.R. 7.1(d)(2019). This Motion concerns a ship inspection that is scheduled for February 5, 2020, with a discovery cutoff of February 10, 2020, and must be ruled on prior to that inspection date.

2. This case involves an assault and battery aboard the Defendant's vessel the *Grand Classica* on May 13, 2018 that occurred during the disembarkation procedure.

3. Plaintiff alleges that he was injured, *inter alia*, as a result of the negligence in failing to have reasonable security measures in place to prevent the attack.

4. Plaintiff has retained Kim E. Petersen of Security Dynamics, LLC as an expert in forensic security (specifically maritime security and maritime security practices) to testify regarding the foreseeability and preventability of the May 13, 2018 assault. A copy of the C/V of Mr. Petersen is attached hereto as Exhibit "A."

5. The inspection of Defendant's subject vessel was being coordinated between the parties over a period of months to observe the Defendant's disembarkation procedure in the area where Plaintiff alleges to have been injured. The inspection was agreed to take place after mediation (conducted on January 29, 2020) and was agreed to take place on February 5, 2020 between the parties on January 28, 2020. The Notice of Vessel Inspection was filed on January 31, 2020 and an Amended Notice of Vessel Inspection was filed on February 2, 2020 (to outline the agreed upon scope of the inspection). Copies are attached hereto as Exhibit "B" and Exhibit "C", respectively.

6. Previously, on January 13, 2020, undersigned provided the information of those persons who would be in attendance for the inspection. They were as follows:

   a. Plaintiff, Reinier Fuentes;

   b. Undersigned Counsel;

   c. Kim E. Petersen, Security Dynamics, LLC;

   d. Ronald James Thomason, Security Dynamics, LLC;

   e. Albert Anthony Papa, Security Dynamics, LLC;

7. On January 15, 2020, undersigned counsel was advised that there may be an issue with the two members of Mr. Petersen's team that would be attending with him.

8. On January 29, 2020, the parties conferred regarding the upcoming inspection and Defendant's position remained that Mr. Thomason and Mr. Papa would be denied entry to the vessel for the inspection, prompting the filing of this motion. There is no dispute as to the inspection taking place, simply the number of attendees.

9. For the reasons stated below, Plaintiff's Motion should be granted.

**BASIS FOR MOTION AND INCORPORATED MEMORANDUM OF AUTHORITY**

Plaintiff seeks an order from this Court compelling the Defendant from disallowing the entry of two other individuals which are a part of Mr. Petersen's team for the inspection (and coworkers) and also from observing the inspection performed by the Defendant.

### A. PLAINTIF'S MOTION TO COMPEL

Federal Rule of Civil Procedure 37 governs the motion to compel, providing that "[a] party seeking discovery may more for an order compelling an answer, designation, production, *or inspection*. This motion may be made it: … (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B) (2015). While the Defendant has agreed to allowing the inspection, it has indicated that it would preclude the entry of the two other team members, which is the basis for the motion to compel.

The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a *broad* search for facts, the names of witnesses, or any other matterws which may aid a party in the preparation or presentation of his case." Adv. Com. Notes, 1946 Amendment, Fed. R. Civ. P. 26 (citations omitted) (emphasis added). As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies. The United States Supreme Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973).[1]

The inspection afforded to the Plaintiff in inspecting the Defendant's vessel should also be given the broad and liberal construction surrounding the Federal Rules governing discovery. The Defendant's opposition to the two additional members of Plaintiff's expert's team are not rooted

---

[1] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

in a justification of the rules, but appear as a attempt to stifle Plaintiff's ability to adequately prepare his case for trial. Additionally, if this area were no in the possession of the Defendant and were a public location, Defendant would have no ability to limit the number of persons present at the inspection of the area. However, once in control of the property the Defendant can, improperly, attempt to dictate how Plaintiff investigates his case.

The vast majority of cruise ships operating out of the US, with the exception of those in Hawaii, sail under a foreign flag. It is nevertheless not only the obligation, but also the legal right of the Designated Authority of any country such foreign-flagged ships may visit to review the vessel's SSP, in order to understand their security policies and determine their relative compliance with same. In the US the Designated Authority is the US Coast Guard. However, others who customarily review SSPs include law enforcement, corporate security consultants, and the courts.

The Expert Witness in this case, Kim Petersen, has requested that two of his associates (Messrs. Thomason & Papa) accompany him on the ship visit scheduled for Wednesday, February 5, 2020. Mr. Thomason is an internationally recognized expert on maritime security regulatory compliance, and Mr. Papa has over 20 years' experience in cruise ship security personnel training and investigations. Both experts have accompanied Mr. Petersen on numerous ship audits, and at no time has their participation in such an inspection been challenged or objected to by a cruise line. In addition, there has there been no occasion where the cruise line felt it necessary to engage more than a single accompanying ship security officer.

To be clear, Messrs. Petersen, Thomason & Papa intend to conduct the investigation jointly and not separately, and will move as a group the entire time they are onboard *Grand Classica* within the parameters that have already been agreed to by the Defendant. There is no good faith limitation on doing so and their attendance at the inspection scheduled for February 5, 2020 should

be allowed.

### B. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER.

With regards to the inspection itself, Plaintiff moves to preclude the Defendant from overseeing the inspection of the Plaintiff, undersigned counsel, and the expert team, pursuant to Fed. R. Civ. P. 26(b)(2)(C) as it would be in violation of the work-product doctrine. *See Teer v. Law Engineering and Environmental Servs., Inc.*. 176 F.R.D. 206 (E.D. N.C. Apr. 22, 1997); *see also Mancuso v. D.R.D. Towing Company, LLC*, 2006 WL 889383 (E.D. La. March 10, 2006) Allowing the Defendant and its lawyer (or any other agent) to watch the inspection while his lawyer and expert (and perhaps the lawyers and himself) discuss theories and perform tests runs afoul of the basis tenants underlying the work product doctrine.2

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his [or her] clients. In performing his [or her] various duties, however, ***it is essential that a lawyer work with a certain degree of privacy***, ***free from unnecessary intrusion by opposing parties and their counsel***. Proper preparation of a client's case demands that he [or she] assemble information, sift what he [or she] considers to be the relevant from the irrelevant facts, prepare his [or her] legal theories and plan his strategy ***without undue and needless interference***. That is the historical and ***the necessary way*** in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, ***and countless other tangible and intangible ways***—aptly though roughly termed by the Circuit Court of Appeals in this case as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, ***unfairness and sharp practices would inevitably develop*** in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And ***the interests of the clients and the cause of justice would be poorly served***.

*Hickman v. Taylor*, 329 U.S. 495, 510 (1947) (emphasis added) ("the general policy against

---

2 Since Plaintiff is likely to be present at the inspection along with his attorney, then attorney-client privilege is also implicated. If he is absent, it is not. Either way, this would implicate and violate the work-product doctrine, so that is where the motion focuses.

5

invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure.").

In *Teer,* the plaintiffs purchased shares in a builders' supply company in reliance on the defendant's environmental site assessment of the company's property in North Carolina.  176 F.R.D. 206.  After purchasing shares, chemical pollutants were discovered on the land that were not disclosed in the defendant's report, and plaintiffs were directed by a state agency to assess the cause and extent of the contamination and eliminate it.  *Id.*  The defendant's filed a motion to compel pursuant to Federal Rule of Civil Procedure 34(a)(2) seeking an order compelling plaintiffs to give the defendant advance notice of any testing, assessment, or corrective actions on the subject property and "to permit Defendant to attend, observe, and record what is done."  *Id.*  Plaintiffs opposed the request, arguing that it aimed to do more than Rule 34 permits.  *Id.*  The presiding magistrate agreed.

In holding in favor of the plaintiffs, the court analyzed the wording of Rule 34(a)(2)[3] and noted that, while "[t]he plain language of this rule would permit Defendant to gain access to the property to take soil and water samples or do other things necessary to evaluate the extent of the pollution[, i]t does *not*, however, authorize Defendant's experts to observe Plaintiffs' experts as they do their work."  *Id.*  (emphasis in original).  The court then fashioned its holding:

> In short, Defendant seeks, under authority of Rule 34, to observe Plaintiffs' experts as they conduct tests. … The things they seek to observe may well be protected from discovery by the attorney work product rule; however, it is not necessary for the court to decide this.  It is quite sufficient to note that Defendants have not cited one case from any court that ever has permitted such a thing.  Accordingly, the Motion to Compel IS DENIED because it exceeds any reasonable reading of Rule 34.

*Id.*

---

[3] That language is strikingly similar to Florida Rule of Civil Procedure 1.350.

In *Mancuso*, the plaintiff was a crew member on the vessel and claimed to be injured while working aboard it. 2006 WL 889383 at *1. Plaintiff filed a motion to compel the defendants to permit a Rule 34 inspection of a vessel by him, his attorneys, and his experts. *Id.* The defendants opposed the request unless he performed his inspection "in the immediate presence of [their] expert and counsel." *Id.* Defendants further wanted the opportunity to photograph or measure anything plaintiff photographed or measured at that time. *Id.* Plaintiff's concern about this "look[ing] over the shoulder" of him, his counsel, and expert was that it would invade the province of the attorney work-product privilege. *Id.* The presiding judge agreed.

In holding in favor of the plaintiff, the court began by paying homage to the Supreme Court's admonitions in *Hickman v. Taylor* and *Upjohn Co. v. United States*, 449 U.S. 383 (1981); namely, that under the work-product doctrine "it is essential that a lawyer work with a certain degree of privacy." *Id.* "If one counsel shadows opposing counsel and his expert while they inspect an accident scene the observation could reveal 'mental impressions, conclusion, opinions, or legal theories' that Rule 26(b)(3) requires this Court to protect from disclosure. Thus, the conditions set by [the defendants] could infringe on the attorney work product rule." *Id.* The *Mancuso* court, like the *Teer* court, remarked at the inability of the defendants to "cite to any case allowing an expert for the defense to shadow an expert for the plaintiff while the plaintiff's expert conducts an inspection pursuant to Rule 34." *Id.* (citing *Teer*). "This Court agrees with the *Teer* Court and concludes that the conditions set by [the defendants] are both unsupported by law and could infringe on the attorney work product rule." *Id.* The court ultimately ordered the defendants to remain on the stern while plaintiff and his agents examined the bow. *Id.*

The *Teer* and *Mancuso* decisions are well-reasoned and based in the foundational elements of the work-product doctrine. Based on such, Defendant should be precluded from observing

7

Plaintiff's inspection.

RESPECTFULLY SUBMITTED BY:

FISCHER REDAVID, PLLC
*Counsel for Plaintiff*
4601 Sheridan Street, Suite 320
Hollywood, Florida 33021
Telephone: (954) 860-8434
Facsimile: (954) 860-8584

By:  */s/ John P. Fischer*
    JOHN P. FISCHER, ESQ.
    Florida Bar No: 99751
    service@frtriallawyers.com

## **STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

I HEREBY CERTIFY, that I have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

By:  */s/ John P. Fischer*
    JOHN P. FISCHER, ESQ.
    Florida Bar No: 99751
    service@frtriallawyers.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 2, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  */s/ John P. Fischer, Esq.*
    JOHN P. FISCHER

**SERVICE LIST**
CASE NO. 19-CV-60883-WILLIAMS/VALLE

William F. Clair, Esq.
wclair@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq.
agutierrez@hamiltonmillerlaw.com
Johnathan Dunleavy, Esq.
jdunleavy@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL
150 SE 2nd Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile:  (305) 379-3690
*Attorneys for Defendant*