UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. 0:19-cv-60883-WILLIAM/VALLE

REINIER FUENTES,

    Plaintiff,
vs.

CLASSICA CRUISE OPERATOR LTD., INC.,
a Foreign Profit Corporation

    Defendant.
_____/

**CLASSICA CRUISE OPERATOR LTD., INC.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, CLASSICA CRUISE OPERATOR LTD., INC., a Foreign Profit Corporation ("CLASSICA CRUISE"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 moves for entry of final summary judgment against Plaintiff, Reinier Fuentes, and in support thereof states as follows:

## I. <u>Preliminary Statement</u>

**A. Summary of Analysis**

"*One moment of patience may ward off great disaster. One moment of impatience may ruin a whole life.*" Chinese proverb

"*Hey, go to the back of line, don't try to skip!*," these were the words by cruise ship passenger, Reinier Fuentes ("Plaintiff") that escalated the situation from patiently waiting in line to a physical altercation. The facts of the incident are undisputed. Plaintiff got upset because a fellow passenger, Clynt Hadley, cut in line during disembarkation. Insults between both men were exchanged and a physical altercation occurred. Plaintiff sued Classica Cruise alleging negligence. There is nothing, however, in the record to show that Classica Cruise created an

unsafe condition aboard the vessel, nor that it knew or should have known of any unsafe conditions aboard the vessel as it relates to this spontaneous altercation. It is further undisputed that Classica Cruise has never had a prior incident involving a physical altercation in the disembarkation line. Consequently, Plaintiff cannot meet his burden of proving either actual or constructive knowledge of an unsafe, dangerous or hazardous condition and therefore, Classica Cruise is entitled to summary judgment as a matter of law.

## II.    Memorandum of Law

### A. Summary judgment standard

Under Federal Rule of Civil Procedure 56(a), a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show that this standard is met. Fed. R. Civ. P. 56(c). Furthermore, as stated by the Supreme Court in *Celotex*:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S 317, 322-323 (1986); *see also Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

### B. Plaintiff cannot prove Classica Cruise had actual or constructive notice of the alleged dangerous condition and cannot establish that Classica Cruise failed to exercise reasonable care under the circumstances.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

The standard of care owed to passengers by a cruise ship owner is reasonable care under the circumstances, "'which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition.'" *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Everett v. Csarnival Cruise Lines, Inc.*, 912 1355, 1358 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).  A cruise ship operator is not an insurer of passenger safety; it does not become liable merely because an accident occurs.  *Monteleone v. Bahama Cruise Line*, Inc., 838 F.2d 63, 65 (2d Cir. 1988); *Kornberg*, 741 F.2d at 1334.  A shipowner must give notice of dangers which are not apparent and obvious. *Luby v. Carnival Cruises, Inc.*, 633 F. Supp. 40 (S.D. Fla. 1986); *Gemp v. U.S.*, 684 F.2d 404 (6th Cir. 1982) (maritime law recognizes that a shipowner has no duty to warn of an open and obvious condition).   A cruise ship owner does not become liable merely because an accident occurs—so the plaintiff bears the burden of establishing that some conduct or omission by the cruise line fell below the standard of ordinary reasonable care under the circumstances and that this caused the injury.  *Monteleone*, 838 F.2d at 65–66.

> [T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had *actual or constructive notice of the risk-creating condition*, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.

*Keefe*, 867 F.2d at 1322 (emphasis added).  In other words, it is simply not sufficient for liability that a defective or risk-creating condition exists on a ship; a passenger must prove the defendant had notice of the condition that caused an injury. *Everett*, 912 F.2d at 1358; *Keefe*, 867 F.2d at 1320–21.

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

To survive summary judgment, therefore, Plaintiff must demonstrate the existence of an issue of material fact as to whether Classica Cruise had actual or constructive notice of the complained-of condition, i.e., a physical altercation occurring in the disembarkation line. Plaintiff, however, cannot meet this burden because the only admissible evidence is that Classica Cruise did *not* have actual or constructive notice of the alleged dangerous condition in the exact area where Plaintiff was injured.

It is undisputed that Classica Cruise had no notice that Plaintiff and Mr. Hadley would get into a physical altercation during the disembarkation process of the *Grand Classica* voyage. Neither Plaintiff nor Mr. Hadley made any formal complaints about one another to any crewmember during the entire duration of the cruise. There is absolutely no evidence that Classica Cruise would have any knowledge of an issue between Plaintiff and Mr. Hadley prior to the accident giving rise to a duty to protect Plaintiff from the injuries that he suffered on the morning of the subject incident. With no actual knowledge of a dangerous condition, it cannot be said that Classica Cruise breached any duty whatsoever, even if one existed.

**C. Classica Cruise had no duty to warn Plaintiff of a dangerous condition because the alleged risk creating condition was not a known danger in the first place.**

"Without actual or constructive notice . . . there can be no duty of care under federal maritime law and hence no negligence claim based on a failure to warn theory." *Id*. "And this duty to warn extends only to *specific*, known dangers particular to the places where passengers are invited or reasonably expected to visit, not to general hazards." *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392–93 (S.D. Fla. 2014) (Williams, J). (emphasis in original). "However, a cruise line must only warn passengers of dangers that "the carrier knows or should know, but which may not be apparent to a reasonable passenger."" *Howard-Bunch v. Carnival*

4

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Corp.*, 2019 U.S. Dist. LEXIS 35024, *5-*6 (S.D. Fla. March 4, 2019), citing *Poole v. Carnival Corp.*, 2015 U.S. Dist. LEXIS 45927 (S.D. Fla. Apr. 8, 2015).

"Courts routinely grant summary judgment in a defendant's favor when a plaintiff fails to adduce evidence on the issue of notice." *Taiariol v. MSC Crociere S.A.*, 2016 U.S. Dist. LEXIS 48966, *8 (11th Cir. Jan. 27, 2017)("Because Plaintiff has failed to cite any evidence in the record showing that [Defendant] had actual or constructive notice of the risk-creating condition alleged in the complaint . . . summary judgment in favor of [Defendant] is appropriate in this matter.") (citing *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1324 (S.D. Fla. 2015); *Thomas v. NCL (Bahamas) Ltd.*, 2014 WL 3919914, at *4 (S.D. Fla. Aug. 11, 2014) (granting summary judgment where "[t]he unrefuted evidence in the record instead indicates a lack of actual or constructive notice") (Williams, J.); *Cohen,* 945 F. Supp. 2d at 1355; *Malley*, 2017 WL 5192361, *4 (granting summary judgment where there was no evidence regarding prior incidents or evidence regarding close calls and/or passenger complaints of the alleged dangerous condition); *Newell v. Carnival Corp.*, 2017 WL 5513634, *3 (S.D. Fla. Nov. 16, 2017) (summary judgment entered in favor of cruise line as plaintiff did not come forward with evidence of any prior similar accidents which would have put defendant on notice of the allegedly dangerous condition); *Frasca v. NCL (Bahamas) Ltd.*, 2014 U.S. Dist. LEXIS 49060 (determining that plaintiff was "unable to show that another passenger slipped and fell where [plaintiff] fell, under similar conditions.").

Adding to Plaintiff's lack of evidence is the fact that there have been no prior substantially similar incidents of this alleged risk-creating condition of which Plaintiff contends caused his incident. Without such, Plaintiff is further unable to prove notice. "Plaintiff must present evidence of accidents "substantially similar" to hers to satisfy the actual or constructive

5

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

notice requirement." *Taiariol,* 677 Fed. Appx. 599, 601 (11th Cir. 2017)( summary judgment affirmed where Plaintiff produced evidence of incidents during which passengers allegedly fell down steps for various reasons. Plaintiff, however, failed to produce evidence that the other passengers fell because of the specific danger she alleged caused her accident, a slippery protective cover on the edge of the step, also known as "nosing." *See Id.* at *1).

Plaintiff cannot provide any evidence establishing Classica Cruise was on notice of a fighting issue, much less about the specific danger he alleges caused his incident, namely a physical altercation occurring in line during the disembarkation process. "The duty to warn is limited to dangers known to exist in the particular place where the passenger is invited to, or reasonably may be expected to visit." *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985); *see also Koens v. Royal Caribbean Cruises, Ltd.,* 774 F. Supp. 2d 1215, 1219-20 (S.D. Fla. 2011) (dismissing Plaintiff's Complaint for failing to show that Royal Caribbean had sufficient notice of a dangerous condition at the specific area where the tour took place, but rather claimed a general rising crime rate in the port city).

This Court's opinion in *Burdeaux v. Royal Caribbean Cruises, Ltd.,* 2012 U.S. Dist. LEXIS 108714 is instructive. In *Burdeaux,* the plaintiff was sexually assaulted in a shopping district that Royal Caribbean recommends its passengers visit when the voyage stops in Cozumel, and that it derives revenue from when its passengers make purchases. *Id.* at *2-*3. The Court determined that "the requisite notice in this case must be specific to the danger, i.e., not only that there is a significant risk of rape or sexual assault in Cozumel, but that such risk exists in the shopping district depicted on the map provided to Burdeaux by Royal Caribbean." *Id.* at *14-*15. The plaintiff provided evidence of general crime in the specific shopping district at issue, but failed to demonstrate a risk of sexual assaults. *Id.* at *16-*18. As such, this Court

6

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

granted summary judgment in favor of Royal Caribbean, finding that there was no showing that they knew or should have known of the dangers of sexual assaults and that they owed no duty to warn of same. *Id.* at *19-*20.

In *Howard-Bunch v. Carnival Corp.,* 2019 U.S. Dist. LEXIS 35024 (S.D. Fla. March 4, 2019), the plaintiff attempted to establish notice on the part of Carnival by presenting evidence of incidents involving passengers on different Carnival ships tripping and falling over different types of thresholds. *Howard-Bunch v. Carnival Corp.,* 2019 U.S. Dist. LEXIS 35024, *12 (S.D. Fla. March 4, 2019). This Court declined to hold that "prior incidents involving raised thresholds surrounding flat surfaces necessarily put Carnival on notice of a danger as to one particular threshold, especially with no additional evidence of any prior issues with that threshold, or even the room containing that threshold." *Id.* at *13. Other instructive decisions include *Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1353 (S.D. Fla. 2013) (Lenard, J) (summary judgment for ship owner after finding that plaintiff presented no evidence that shipowner had actual or constructive notice of the alleged risk creating condition posed by the steps at the end of the gangplank were he fell; the court highlighted the absence of prior accidents); *Samuels v. Holland American Line–USA Inc.,* 656 F.3d 948, 953–54 (9th Cir.2011) (affirming summary judgment, finding that ship owner did not have actual or constructive notice of any danger to passengers wading on a beach because there was no evidence that any other passenger had ever been injured on that beach and the cruise line was not "aware of any similar accident, or any accident at all, that had previously occurred while a Holland American passenger was swimming on [that particular beach]").

The case *Banosmoreno v. Walgreen Co.*, 299 Fed. App'x 912 (11th Cir. 2008) established that foreseeability, as it pertains to duty, may be established in two ways – the

Plaintiff may show: (1) that the business owner knew or should have known of a dangerous condition on the premises that was likely to cause harm to a patron; or (2) that the business owner knew or should have known of the dangerous propensities of a particular patron. In *Banosmoreno* the plaintiff went to a Walgreens store and flirted with a woman who worked at the photo development counter. Id. at 913. The woman told her boyfriend about the plaintiff's advances. Id. The boyfriend then found the plaintiff, pulled a knife on him, and warned him not to return to Walgreens. Id. The plaintiff, however, returned to the Walgreens store. The boyfriend came to Walgreens with his friend, who punched the plaintiff unconscious. Id. Walgreens moved for summary judgment. In response, the plaintiff argued that failing to monitor security cameras and to provide employees with training in customer security contributed to the foreseeability of the assault. Id. at 914. In granting summary judgment, the court stated that, considering all the circumstances, "we fail to see why Walgreen's should have foreseen that continuously monitoring security cameras and providing training to all employees would have prevented this personal assault in the middle of a drug store filled with people." Id. at 914. The court reasoned that under Florida law a proprietor is not an insurer of his invitee's safety. Id. at 914-915. Similarly, under general maritime law a cruise line is not an insurer of passenger's safety. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (citing *Kermarec*, 358 U.S. at 632; *Liverpool & Great W. Steam Co. v. Phenix Ins. Co.*, 129 U.S. 397, 440, 9 S. Ct. 469, 32 L. Ed. 788 (1889)).

As in *Banosmoreno*, this Court should grant summary judgment because there is no genuine issue of material fact regarding whether the altercation that occurred was foreseeable given the undisputed facts of this case. Classica Cruise did not breach any duty owed to Plaintiff since the altercation was not reasonably foreseeable. Applying the two prong test in

*Banosmoreno* to the facts of this case, there is clearly no evidence that Classica Cruise knew or should have known that Plaintiff and Hadley would act like incorrigible children arguing over their position in line and then engage in a physical altercation.  Further, there is no evidence that Classica Cruise knew or should have known of the dangerous propensities of Plaintiff and Hadley.

Here, Plaintiff has not provided evidence of any prior incidents, let alone substantially similar ones, that would have provided Classica Cruise with the requisite notice that a dangerous condition existed on the day of the subject incident.  The evidence is clear, however, that Classica Cruise had no prior outbreaks of passenger violence in the immigration line while waiting to debark any of its ships.  Classica Cruise's Corporate Representative, Grant Plummer, confirmed this fact.  *See* Ex. "B."  Classica Cruise took affirmative measures to ensure its passengers safety at all times during the voyage, including in the disembarkation line.  Its crewmembers are trained in assessing the conditions and behavior of its passengers. *See* Ex. "D" at 80:6-25, 81:1-7.  Plaintiff makes vague, overbroad attempts at placing Classica Cruise on notice by stating that prior fights, in general, have occurred in the fleet.  However, not one of these prior incidents has happened under the same circumstances, nor in the same location.

On the well-reasoned analysis of the ample case law cited above, this Court should find there can be no liability attributable to Classica Cruise for the unanticipated, unforeseeable events that took place between Plaintiff and Mr. Hadley.  There can also be no liability attributable to Classica Cruise failure to warn as it owed no duty to the Plaintiff to warn him of his own potential behavior, as he admittedly initiated the verbal altercation with Mr. Hadley. Finally, there can be no liability attributable to Classica Cruise on the basis of foreseeability as the Plaintiff has failed to provide any competent evidence of similar incidents involving physical

altercations in the disembarkation line on any of its ships.  Accordingly, summary judgment for Classica Cruise is proper.

### III.   Conclusion

Based on the foregoing, this Court should enter an order granting Classica Cruise's Motion for Summary Judgment as the record is devoid of any evidence which would establish that Classica Cruise knew or should have known of the risk-creating condition alleged by Plaintiff, and a jury could not reasonably conclude that Classica Cruise had a duty to warn Plaintiff of that condition. There is further no evidence of similar physical altercation incidents in the same or similar location under the same or similar circumstances, and thus the Plaintiff cannot rely on foreseeability to impute liability upon Classica Cruise.

**WHEREFORE,** Defendant, Classica Cruise Operator Ltd., Inc., respectfully requests this Honorable Court to grant its Motion and enter an Order granting Summary Judgment in its favor, and for any and all further relief this Court deems just and proper under the circumstances.

CASE NO. 0:19-cv-60883-WJZ

Respectfully submitted,

*/s/ William F. Clair*
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William F. Clair
Florida Bar No. 693741
wclair@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
Sharhonda Robinson-Edwards
Florida Bar No. 98755
srobinson@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131-2332
Telephone:     305-379-3686
Facsimile:     305-379-3690
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ William F. Clair.*
William F. Clair, Esq.

CASE NO. 0:19-cv-60883-WJZ

## SERVICE LIST

FISHER REDAVID, PLLC
John P. Fischer, Esq.
Service@fritriallawyers.com
Florida Bar No. 99751
4601 Sheridan Street, Suite 320
Hollywood, Florida 33021
Telephone: (954) 860-8484
Fax:  (954) 860-8584
*Attorney for Plaintiff*

Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William F. Clair
Florida Bar No. 693741
wclair@hamiltonmillerlaw.com
Annalisa Gutierrez
Florida Bar No. 97940
agutierrez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131-2332
Telephone:    305-379-3686
Facsimile:    305-379-3690
*Attorneys for Defendant*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690