UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO. 0:19-cv-60883-KMW

REINIER FUENTES,

      Plaintiff,

vs.

CLASSICA CRUISE OPERATOR LTD., INC.,
a Foreign Profit Corporation

      Defendant.

_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, REINIER FUENTES, and Defendant CLASSICA CRUISE OPERATOR LTD.,

INC., ('CCO"), by and through their respective undersigned counsel, and pursuant to Local Rule

16(E) and this Court's Scheduling Order (ECF No. 21), respectfully submit the following Pretrial

Stipulation:

**I.**    **CONCISE STATEMENT OF FACTS:**

    **A.**  **Plaintiff's Statement**

Defendant Classica Cruise Operator LTD., Inc. owns and operates 2 cruise ships.  One of

those ships is the *Grand Classica*.  On May 13, 2018, Reinier Fuentes and his wife were waiting

to disembark from the Defendant's Vessel, the *Grand Classica* on Deck 5 of the vessel.  While

they were waiting in the lobby area as instructed by Defendant's employees, the line for people

to exit was shut down by Customs and Border Patrol.  Passengers began to further congregate in

the lobby area and many grew impatient.  As Mr. Fuentes and his wife were waiting, a group of

individuals cut in the line in from of the them in the line that they had been waiting to exit in for

nearly an hour.  Mr. Fuentes told these individuals not to cut and to go to the back of the line.  A verbal altercation between these individuals and the Mr. Fuentes ensued.

Security personnel for the Defendant were notified and arrived during the verbal altercation between these individuals and the Mr. Fuentes.  Despite being present at the time and having direct knowledge that verbal altercations can lead to physical altercations; no steps were taken to attempt to take control of the situation and Mr. Fuentes was struck by the other passenger.  To protect himself and his wife, Mr. Fuentes attempted to hold the passenger.  At that time, and in the presence of the security for the Defendant, another passenger in the group violently tackled Plaintiff to the ground where he broke his right arm.  Mr. Fuentes underwent two surgical procedures including an open reduction internal fixation which required the implantation of plates and screws. He has been left with a permanent injury and a loss of function in his arm.

Mr. Fuentes alleges that the Defendant failed to employ reasonable security measures for the safety of its passengers to deter and prevent a reasonably foreseeable violent/criminal act. Mr. Fuentes further asserts that Classical Cruise Operator Ltd., Inc. failed to properly train its security personnel to handle security threats and failed to warn of the dangers of being physically attacked on the vessel.  As a result of these failures, Mr. Fuentes asserts that that he was attacked by another passenger which caused him severe and permanent injuries.

**B.  Defendant's Statement**

On May 13, 2018, while waiting to disembark the *Grand Classica,* Plaintiff intentionally initiated and incited an altercation by confronting a third party, Mr. Clynt Hadley, for cutting the line. Plaintiff already had taken an issue with Mr. Hadley the night prior to the altercation, to such an extent that it caused him to leave the area with Mr. Hadley to specifically avoid any

issue with him. Yet, Plaintiff inexplicably and intentionally sought out a confrontation with Hadley the very next day which resulted in an altercation.  Despite this, Plaintiff now seeks to hold Defendant liable for an altercation (1) which he knowingly created and instigated and (2) which he had ultimate control over.

CCO asserts it is not responsible for the incident as it did not have actual of constructive notice as to any dangerous condition with respect to its disembarkation process or with respect to any issues with Mr. Hadley.  Prior to the subject fight between Plaintiff and Mr. Hadley, Defendant had never had any physical altercations during the disembarkation process. Plaintiff never advised Defendant of any issues with Mr. Hadley prior to the incident. CCO contends the altercation and Plaintiff's alleged injuries were due to his own actions of knowingly and intentionally exposing himself to the risk of physical altercation, and his failure to exercise reasonable care for his own safety. CCO further asserts that Plaintiff failed to mitigate his damages and the Plaintiff's injuries were not caused by any negligence by Defendant, and that his injuries have healed with no need for further treatment or surgery.

**II.    BASIS OF FEDERAL JURISDICTION**:

Plaintiff claims this Court has jurisdiction based on diversity of citizenship, 28 U.S.C. §1332.  Defendant denies there is diversity of citizenship.  Both parties agree that there is jurisdiction under 28 U.S.C. §1333,  and the forum selection clause contained in Plaintiff's Ticket Contract.

**III.    PLEADINGS RAISING THE ISSUES**:

The issues in this case are raised by Plaintiff's Complaint [ECF No. 1] and Defendant's Answer and Affirmative Defenses [ECF No. 4].

**IV.    PENDING MOTIONS:**

A.  Plaintiff's Omnibus Motion in Limine [ECF No. 59].

B.  Plaintiff's Motion for Sanctions for Violation of Rule 30(b)(6) [ECF No. 39].

C.  Defendant's Omnibus Motion in Limine [ECF No. 58].

D.  Defendant's Motion for Summary Judgment [ECF No. 35].

## V.     JOINT STATEMENT OF STIPULATED FACTS:

A.  For purposes of this litigation only, Defendant CLASSICA CRUISE OPERATOR LTD., INC. operated the *Grand Classica* at the time of the incident.

B.  At the time of the incident, Plaintiff REINIER FUENTES was a passenger onboard the *Grand Classica*.

C.  The incident happened on May 13, 2018.

## VI.    CONTESTED ISSUES OF FACT TO BE TRIED:

### A.   Plaintiff's Statement of Contested Issues

1.  Negligence of the Defendant, CLASSICA CRUISE OPERATOR LTD., INC.;

2.  Negligence of the Plaintiff, REINIER FUENTES.

3.  Causation of Plaintiff's alleged injuries and damages;

4.  Whether and to what extent the accident caused non-economic damages to the Plaintiff which includes pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life;

5.  Whether and to what extent the accident caused economic damages to the Plaintiff limited to past and future medical expenses.

### B.   Defendant's Statement of Contested Issues

1.  Whether CCO was negligent;

2.  Whether Plaintiff was negligent, and, if so, to what extent;

3.  Whether Plaintiff's damages were caused either in whole or in part by his own acts of negligence, including but not limited to the failure to exercise

reasonable care for his own safety, and whether an award, if any, should be reduced accordingly by the principles of comparative fault;

4. Whether a dangerous condition existed, that CCO was aware of, that caused Plaintiff's alleged accident;

5. Whether CCO was on notice of any alleged dangerous condition that caused Plaintiff to fall;

6. Whether the alleged conditions were open and obvious;

7. Whether CCO owed a duty to warn;

8. Whether CCO had any notice of a risk –creating condition prior to the subject incident;

9. Whether CCO created any dangerous or defective condition, and/or did not maintain an area in which such a condition existed;

10. Whether Plaintiff failed to exercise reasonable care when disembarking the vessel and confronting Mr. Hadley;

11. Whether CCO's negligence was the proximate cause of Plaintiff's injuries;

12. Whether Plaintiff was the proximate cause of his injuries;

13. The nature and extent of Plaintiff's injuries;

14. Whether the medical expenses incurred are reasonable as they exceed the usual and customary charges;

15. What amount of medical expenses is Plaintiff permitted to board at trial;

16. Whether Plaintiff's own acts of negligence amounts to a superseding cause that cuts off any causal connection between CCO's alleged negligence and Plaintiff's damages;

17. Whether the injuries alleged by Plaintiff were pre-existing. Therefore, CCO cannot be held liable for such injuries, as they would have been inevitably worsened. Alternatively, if Plaintiff was injured as alleged, whether such injuries extend only to an aggravation of the pre-existing condition;

18. Whether Plaintiff failed to mitigate his damages, or alternatively, Plaintiff mitigated his damages, and therefore, any damages award should be reduced accordingly;

19. Whether Plaintiff's damages were caused either in whole or in part by the act(s) of third persons for whom CCO is not responsible and that amount to a superseding cause that cuts off any causal connection between CCO's alleged negligence and Plaintiff's damages;

20. Whether the liability of non-party tortfeasors should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages;

21. Whether Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed himself to it;

22. Whether Plaintiff was comparatively negligent;

## VII.   **AGREED ISSUES OF LAW**:

A.   This case is governed by the general maritime law of the United States.

B.   Venue is proper.

C.   The medical records in this case are authentic and admissible, and do not require records custodians for the admission of the records at trial.

## VIII.   **ISSUES OF LAW TO BE DETERMINED BY THE COURT**:

A.   The applicable basis for jurisdiction of this Court;

B.   Defendant's duties, if any, to Plaintiff;

C.   Applicability and relevance of the standards, recommendations and guidelines relied upon by Plaintiff;

D.   See Section VI, incorporated herein, which contains issues of law and fact.

E.   Whether CCO is entitled to a set-off for any and all monies paid on behalf of Plaintiff towards his treatment, any contractual discounts or write offs,  and medical care as well as any monies received from collateral sources.

F.   Issues raised in motions or other matters not yet disposed of.  *See* pending list of motions in section IV.

G.   Any evidentiary issues.

### IX.   TRIAL EXHIBITS

A.  Plaintiff's Exhibit List is attached hereto as Exhibit "A."

B.  Defendant's Exhibit List is attached hereto as Exhibit "B."

### X.   TRIAL WITNESSES

A.  Plaintiff's Witness List is attached hereto as Exhibit "C."

B.  Defendant's Witness List is attached hereto as Exhibit "D."

C.  The Parties' Deposition Designations will be filed contemporaneously

### XI.   ESTIMATED TRIAL TIME:

The parties estimate trial will take three (3) to five (5) days (not including jury selection and assuming at least five (5) trial hours per day).

### XII.   ATTORNEY'S FEES:    Not applicable.

### XIII.   STIPULATIONS OF COUNSEL REGARDING EXHIBITS:

1) The parties will waive the necessity of calling a records custodian for the admissibility of medical records, thus waiving objections thereto based on authenticity and hearsay.  The parties likewise will waive the necessity of calling records custodians for the authenticity of medical bills, but Defendant reserves any objections to their admissibility.  All other objections to such are preserved.

SO STIPULATED on this 10th day of July 2020.

/s/  **John Fischer**
FISCHER REDAVID, PLLC
John P. Fischer, Esq.
Service@fritriallawyers.com
Florida Bar No. 99751
4601 Sheridan Street, Suite 320
Hollywood, Florida 33021
Telephone: (954) 860-8484
Fax:  (954) 860-8584
***Attorney for Plaintiff***

/s/  **Annalisa Gutierrez**
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William F. Clair
Florida Bar No. 693741
wclair@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue, Suite 1200

CASE NO. 0:19-cv-60883-KMW

Miami, Florida 33131-2332
Telephone:     (305) 379-3686
Facsimile:      (305) 379-3690
*Attorneys for CCO*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

<u>/s/</u>    **Annalisa Gutierrez**
Annalisa Gutierrez

## SERVICE LIST
## CASE NO. 0:19-cv-60883-KMW

FISCHER REDAVID, PLLC
John P. Fischer, Esq.
Service@fritriallawyers.com
Florida Bar No. 99751
4601 Sheridan Street, Suite 320
Hollywood, Florida 33021
Telephone: (954) 860-8484
Fax:  (954) 860-8584
***Attorney for Plaintiff***